# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: AMY E. AHMAD** | Case No. 18-61017-rk |
| Debtor | Chapter 7 |
| | Judge: Hon. Russ Kendig |

| | |
|---|---|
| **LISA M. BARBACCI, TRUSTEE** | |
| Plaintiff | |
| v. | Adv. Pro. No. 19-06015-rk |
| **MIRZA N. AHMAD, M.D.** | |
| Defendant | |

## MOTION OF DEFENDANT FOR LEAVE TO FILE AN AMENDED ANSWER

Now comes Defendant Mirza N. Ahmad, M.D., pursuant to Rule 7015 of the *Federal Rules of Bankruptcy Procedure* and Rule 15(a)(2) of the *Federal Rules of Civil Procedure*, and hereby respectfully requests that this Honorable Court grant Defendant leave to file an Amended Answer in order to add the Affirmative Defenses of the expiration of the applicable statutes of limitations pursuant to *Ohio Revised Code* §2325.18(A), before and subsequent to the effective date of an amendment, dated June 2, 2004; and pursuant to *Ohio Revised Code* §2305.06, before and subsequent to the effective date of an amendment, dated September 28, 2012.

Defendant's Amended Answer includes the additional Affirmative Defenses as follows:

### FIFTH AFFIRMATIVE DEFENSE

1

The claims of the Plaintiff Trustee arise from alleged claims of the Debtor and are barred due to the operation of Ohio Statutes regarding dormant judgments, *Ohio Revised Code* §§2325.15 et. seq., including, but not limited to the expiration of the Statute of Limitations on actions to revive dormant judgments, *Ohio Revised Code* §2325.18(A).

### SIXTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff Trustee arise from alleged claims of the Debtor and are barred due to the expiration of the Statute of Limitations regarding contracts in writing, *Ohio Revised Code* §2305.06.

Defendant Dr. Ahmad further states that this Court has not set a date for the amendment of pleadings, no trial date has been set, and by agreement of the parties, the date for the filing of dispositive motions was extended to October 30, 2019.

This Court has jurisdiction pursuant to 28 U.S.C. §1334 and §157, and pursuant to the general order of reference. Venue in this district and division is proper pursuant to 28 U.S.C. §1409, and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

Therefore, Defendant Dr. Ahmad respectfully requests leave to file an Amended Answer and include the Affirmative Defenses set forth above, pursuant to Rule 7015 of the *Federal Rules of Bankruptcy Procedure* and Rule 15(a)(2) of the *Federal Rules of Civil Procedure*. A copy of the Amended Answer is attached hereto and incorporated herein as Exhibit A.

A. **LAW AND ARGUMENT.**

Rule 15(a)(2) of the *Federal Rules of Civil Procedure*, as applied to adversary proceedings by Rule 7015 of the *Federal Rules of Bankruptcy Procedure*, states that "a party

may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Rule 15(a)(2) is a liberal standard that favors granting leave for amended pleadings on the "principal that cases should be tried on their merits rather than the technicalities of pleadings." *Fenley v. Wood Group Mustang, Inc.*, S.D. Ohio No. 2:15-cv-00326, 2016 WL 10570260, *2 (Nov. 21, 2016). And in keeping with this liberal standard, motions for leave to amend should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *see also*, *Anthony J. DeGirolamo v. The Quarry Golf Club, LLC (In re Wittmer)*, 2011 WL 2551023 *2 (Bankr.N.D. Ohio 2011). Defendant Dr. Ahmad maintains that these factors weigh in favor of this Honorable Court granting Defendant's motion to amend his Answer to include the Affirmative Defenses of the expirations of relevant Statutes of Limitations.

    1. *There has been NO undue delay, bad faith, or dilatory motive by Defendant.*

Defendant maintains that there has been no undue delay in making this motion to amend his answer. First, this Court has not set a date for the amendment of pleadings in this case. In addition, no trial date has been scheduled. And while the discovery cut-off date and the date for the filing of dispositive motions have been extended by the agreement of the parties, Plaintiff has conducted discovery by issuing written discovery requests to which Defendant has responded, and by taking the deposition of Defendant Dr. Ahmad. And while Defendant does not believe that Plaintiff will need to depose the Defendant further in order to defend against the affirmative defenses of the expiration of applicable statutes of limitations; nevertheless, if counsel for

3

Plaintiff deems further discovery is warranted, Defendant will provide reasonable cooperation and accommodation.

Second, there is no bad faith or dilatory motive. Subsequent to Defendant's deposition, further evaluation and research was conducted in relation to Defendant's affirmative defenses of laches, waiver and estoppel. And in furtherance thereof, a review of the Stark County Court of Common Pleas, Domestic Relations Division docket for Case No. 83813 was conducted, and it appears that no efforts to enforce or collect the Judgment filed on January 5, 1981 concerning the obligation to pay the debtor $25,000 as a distribution of property were initiated or filed by the debtor.

As such, Defendant Dr. Ahmad maintains that there has been no undue delay, bad faith or dilatory motive in making this motion to amend his answer, and as such, Defendant respectfully requests that this Honorable Court grant leave for Defendant to file the Amended Answer.

2. *This is Defendant's first request to Amend his Answer, therefore there has been no repeated failure to cure deficiencies by amendments previously allowed.*

Defendant Dr. Ahmad has not previously requested leave to amend his answer, and there have been no repeated failures by Defendant to cure any deficiencies in the answer by prior amendments. As such, Defendant Dr. Ahmad respectfully requests that this Honorable Court grant leave for the Defendant to file the Amended Answer.

3. *There will be NO undue prejudice to the Plaintiff Trustee by virtue of the allowance of the requested amendment to Defendant's Answer.*

As stated above, this Court has not set a date for the amendment of pleadings and no trial date has been scheduled. The discovery cut-off date was extended by agreement of counsel to September 30TH and the date for the filing of dispositive motions was extended by agreement to

4

October 30TH. And as stated above, Plaintiff has already conducted discovery by issuing written discovery requests and taking the deposition of Defendant Dr. Ahmad.

Defendant maintains that Plaintiff should not need to depose Defendant Dr. Ahmad further in order to defend against the affirmative defenses of the expirations of the applicable statutes of limitations. At his deposition, Dr. Ahmad testified as follows:

> 14 Q. You indicate that she waived her right to
> 15 receive this money. Can you tell me what she did
> 16 to cause –
> 17 A. She never asked, you know. There was never
> 18 a communication about it. I was never made aware
> 19 of it. That was since '91, so that has been
> 20 almost 30 years.
> 8      MR. MCHUGH:    I have just a
> 9 couple of questions.
> 10        DIRECT EXAMINATION
> 11 BY MR. MCHUGH:
> 12 Q. Dr. Ahmad, after your child support
> 13 obligations were over, did you receive any phone
> 14 calls or visits from your former wife requesting
> 15 payment of this $25,000?
> 16 A. No, sir.
> 17 Q. Did you receive any letters from her
> 18 requesting that?
> 19 A. No.
> 20 Q. Did an attorney on her behalf contact you
> 21 either by phone, e-mail, letter requesting that
> 22 you make this payment?
> 23 A. No.
> 24 Q. Were any motions or any other actions filed
> 25 with the Stark County Domestic Relations Court
> 1 requesting or ordering you to make this payment?
> 2 A. No, sir.[1]

From this testimony, Dr. Ahmad indicated that no motions or actions were filed by the debtor in an effort to collect the alleged $25,000 debt indicated in the Judgment Entry of January 1981, and that there were no collection efforts filed according to his knowledge. However, if counsel

---

[1] Transcript of deposition of Defendant Dr. Ahmad, taken on August 30, 2018, page 20, lines 14-20, page 22, lines 8-25 and page 23, lines 1 and 2.

for Plaintiff deems it necessary to conduct further relevant discovery concerning whether Defendant Ahmad has any knowledge or information as to the affirmative defenses that the adversary complaint is barred due to the Statutes of Limitations regarding dormant judgments and/or breach of contract, then Defendant will provide reasonable cooperation and accommodation for any such relevant requests.

There will be no undue prejudice to Plaintiff Trustee by virtue of the allowance of the requested amendments to Defendant's Answer with the additional Affirmative Defenses. Defendant Dr. Ahmad respectfully requests that this Honorable Court grant leave for Defendant to file the Amended Answer.

> 4. <u>The requested amendment to add the Affirmative Defenses of the expiration of applicable Statutes of Limitations is NOT futile.</u>

The Affirmative Defenses of the expiration of the Statutes of Limitations set forth *Ohio Revised Code* §2325.18(A), before and subsequent to the effective date of an amendment, dated June 2, 2004; and *Ohio Revised Code* §2305.06, before and subsequent to the effective date of an amendment, dated September 28, 2012, are applicable and lawful to Plaintiff Trustee's allegations, and Defendant's requested affirmative defenses to the adversary complaint and are thereby valid not futile amendments.

*Revised Code* §2325.18(A) states in pertinent part as follows: "An action to revive a judgment can only be brought within ten years from the time it became dormant, . . .". Prior to the amendment of this statute on June 2, 2004, the limitations period to revive a dormant judgment was 21 years from the time the judgment became dormant. According to *Revised Code* §2329.07(B), a judgment becomes "dormant and shall not operate as a lien against the estate of the judgment debtor unless one" of four actions is taken within five years of the judgment. Those actions are:

- Request that an execution of judgment be issued;

- File a certificate of judgment for obtaining a lien;

- Obtain an order of garnishment; or

- File proceedings in aid of execution.[2]

And, according to *Revised Code* §2325.15, a dormant judgment can only be revived as follows:

> "When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed."

Defendant alleges that the Judgment Entry dated in January 1981, which is the basis for Plaintiff Trustee's complaint, is dormant and has not been revived according to Ohio Law within the prescribed Statute of Limitations. The debtor did not take any action on the Judgment Entry to collect the amount of $25,000 distribution of property as required by *Revised Code* §2329.07(B), or as required by former *Revised Code* §2329.07(A). Therefore, by operation of Ohio Law, the Judgment Entry is dormant and can no longer be enforced. Further, the debtor has not revived the dormant judgment as required and provided by Ohio Law. And pursuant to the Ohio Supreme Court, Ohio dormancy provisions apply to divorce judgments from the date of issuance. *In re Estate of Mason*, 2006-Ohio-3256, 109 Ohio St.3d 532, paragraph one of the Syllabus. *See also, Stewart v. Campbell*, 97 Ohio St. 335 (1918).

---

[2] The prior version of this Statue, which may be applicable to the case at bar, states as follows: "(A) If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then * * * the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor." *Selwyn v. Grimes*, 8TH Dist. Cuyahoga County No. 101252, 2014-Ohio-5147, ¶14, 2014 WL 6484272, p.2.

Finally, the Court in *Martin v. Stoddard (In re Richard Stoddard)*, 248 B.R. 111, 116-117 (Bankr.N.D. Ohio 2000), stated as follows:

> "Under Ohio law, if a judgment-creditor neither renews a certificate of judgment lien, nor obtains execution of the judgment within five years after the filing of the last certificate of judgment lien or execution, whichever occurred later, then the judgment becomes dormant. O.R.C. § 2329.07. Thereafter, upon becoming dormant, the judgment may not be enforced, and is thus without legal effect, unless the judgment is revived in accordance with O.R.C. § 2325.15. *See* 62 OHIO JUR.3d *Judgments* § 153. However, under O.R.C. § 2325.18, ***the holder of a judgment has only twenty-one (21) years, from the time the judgment becomes dormant, to bring an action to revive the judgment, after which time the judgment, although technically still in existence, becomes completely unenforceable***. Accordingly, a judgment-creditor who permits the judgment to become dormant, and thereafter fails to revive the judgment within the statutory period, has no right to enforce the judgment, ***and thus the judgment-debtor's legal liability thereon is extinguished***." (Emphasis added.)

Defendant alleges that the Judgment Entry dated January 5, 1981, which is the sole basis for Plaintiff Trustee's adversary complaint, is dormant, and the statute of limitations to revive the judgment has expired. While there may be an issue as to whether the 10 or the 21 time period applies, 21 years after the Judgment Entry became dormant (plus five years after the date of the Entry) is January 5, 2006. Even if the date set forth in the complaint is considered, which Defendant maintains may not redress the dormancy issue, then according to paragraph 6 of the complaint, the time when Defendant Dr. Ahmad was obligated to pay the alleged judgment amount of $25,000 was October 25, 1991.[3] Nevertheless, 5 years and 21 years after that date is October 25, 2017, well before the date of the filing of this adversary action on May 2, 2019. Furthermore, the Judgment Entry has not be revived in accordance with Ohio Law.

As in *Stoddard*, the Judgment Entry that is the sole basis for Plaintiff Trustee's adversary complaint is dormant and has not been revived. And now, the Statute of Limitations for the revival of that dormant judgment has expired. Defendant Dr. Ahmad's liability on the Judgment

---

[3] See redacted pages 5 and 6 of the Judgment Entry, attached to the complaint, and attached hereto as Exhibit B.

Entry is thereby extinguished according to Ohio Law.

Finally, the Statute of Limitations regarding contracts in writing, *Revised Code* §2305.06 is 8 years, and prior to the amendment of this Statute, the limitations period was 15 years. Considering the Judgment Entry to be a written contract, and according to paragraph 6 of the complaint, since Defendant Dr. Ahmad was to pay the judgment amount of $25,000 on October 25, 1991, the limitations period expired on October 25, 1999. And applying the prior version of the statute, the limitations period expired on October 25, 2006. Both expiration times are well before the filing of the adversary complaint on May 2, 2019.

Therefore, there is no futility in the Amendment of the Answer to include the Affirmative Defenses for the expiration of the Statute of Limitations set forth in *Revised Code* §2325.18(A), and for the expiration of the Statute of Limitations as set forth in *Revised Code* §2305.06. As such, Defendant Dr. Ahmad respectfully requests that this Honorable Court grant leave him to file the Amended Answer.

### B. CONCLUSION.

For the reasons set forth herein, and pursuant to Rule 7015 of the *Federal Rules of Bankruptcy Procedure* and Rule 15(a)(2) of the *Federal Rules of Civil Procedure*, Defendant Mirza N. Ahmad, M.D. hereby respectfully requests that this Honorable Court grant Defendant leave to file an Amended Answer in order to add the Affirmative Defenses of the expiration of the applicable statutes of limitations pursuant to *Ohio Revised Code* §2325.18(A), before and subsequent to the effective date of an amendment, dated June 2, 2004; and pursuant to *Ohio Revised Code* §2305.06, before and subsequent to the effective date of an amendment, dated September 28, 2012.

DATED: October 4, 2019                                    Respectfully submitted,

**TZANGAS PLAKAS MANNOS LTD.**

/s/ James M. McHugh
James M. McHugh (0046636)
220 Market Avenue, South
Eighth Floor
Canton, Ohio 44702
Telephone: 330.455.6112
Facsimile: 330.455.2108
E-mail: jmchugh@lawlion.com
*Attorneys for Defendant*
*Mirza N. Ahmad, M.D.*

## CERTIFICATE OF SERVICE AND NOTICE

The undersigned certifies that on October 4, 2019, a true and correct copy of the foregoing Motion of Defendant Mirza N. Ahmad, M.D. for Leave to File an Amended Answer was served:

- Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    o Michael J. Moran, Esq., Attorney for Lisa M. Barbacci, Trustee, 234 Portage Trail, P.O. Box 535, Cuyahoga Falls, Ohio 44222, mike@gibsonmoran.com

    o Lisa M. Barbacci, Trustee, P.O. Box 1299, Medina, Ohio 44258-1299, barbaccitrustee@gmail.com

- And by regular U.S. mail, postage prepaid, on:

    o Lisa M. Barbacci, Trustee, P.O. Box 1299, Medina, Ohio 44258-1299.

                                    /s/ James M. McHugh
                                    *Attorneys for Defendant Mirza N. Ahmad, M.D.*