IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CANTON

| | |
|---|---|
| IN RE: | ) CASE NO. 18-61017 |
| | ) |
| AMY E. AHMAD | ) ADVERSARY NO. 19-6015 |
| | ) |
| Debtor | ) IN PROCEEDINGS UNDER CHAPTER 7 |
| | ) |
| | ) JUDGE RUSS KENDIG |
| LISA M. BARBACCI, TRUSTEE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| MIRZA N. AHMAD, M.D. | ) |
| | ) TRUSTEE'S MOTION FOR SUMMARY |
| Defendant | ) JUDGMENT |

Now comes the Plaintiff, Lisa Barbacci, Trustee ("Trustee"), by and through counsel, and hereby moves this Court for Summary Judgment on all claims in this case. For the reasons set forth more fully in the attached Memorandum of Law, there are no genuine issues of fact present in this case and the Trustee is entitled to Judgment as a matter of law.

WHEREFORE, the Trustee prays that this Court enter its order granting Summary Judgment in favor of the Trustee, and for such other and further relief as this Court may find to be just and equitable.

GIBSON & MORAN LLC

/s/ Michael J. Moran
Michael J. Moran        (#0018869)
Attorney for Plaintiff
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 – Fax
mike@gibsonmoran.com

## CERTIFICATE OF SERVICE

I certify that, on October 18, 2019, a true and correct copy of this motion was served: Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List

James M. McHugh, jmchugh@lawlion.com

United States Trustee

/s/ Michael J. Moran
Michael J. Moran        (#0018869)
Attorney for Lisa M. Barbacci, Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 - Fax
mike@gibsonmoran.com

# MEMORANDUM OF LAW

## A. Undisputed Facts

The facts presented in this case are straight-forward and undisputed. In January of 1981, a Divorce Decree and Judgment Entry was entered in the divorce proceeding between the Debtor, Amy Ahmad ("Debtor") and Mirza Ahmad, the Defendant herein. This Decree provides, in relevant part:

> [D]efendant-wife is granted a lien in the amount of Twenty-five Thousand Dollars ($25,000.00) against the Mirza N. Ahmad, M.D., Inc. stock which will be payable with interest at the rate of eight percent (8%) per annum, compounded annually, on the earliest of the following conditions:
>
> (a) The dissolution of said corporation;
>
> (b) The death of the plaintiff-husband;
>
> (c) The expiration of the plaintiff-husband's obligation to pay either alimony or support.
>
> This lien with interest to the date of payment will be payable by the plaintiff-husband to the defendant-wife as a further distribution of property.

Deposition of Mirza Ahmad, p. 11, 17, Exhibit 1 to deposition with redactions, pp. 5- 6.

Mirza N. Ahmad, M.D., Inc. is still in existence. Deposition of Mirza Ahmad, p. 17. The shares of this corporation have not been pledged. Id. at p. 18. Defendant never paid any money on account of this lien to Debtor. Id. at p. 19. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on May 16, 2018.

## B. Law and Argument

For the following reasons, the Trustee is entitled to turnover as a matter of law.

### 1. Legal Standard

Summary judgment is appropriate when there exists no genuine dispute with respect to the material facts and, in light of the facts presented, the moving party is entitled to judgment as

a matter of law. Fed. R. Civ. P. 56. "The court may look to the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits when ruling on the motion." Gillie v. Law Office of Eric A. Jones, LLC, 785 F.3d 1091, 1097 (6th Cir.2015). The facts must be viewed in the light most favorable to the non-moving party and the benefit of all reasonable inferences in favor of the non-movant must be afforded to those facts. Id. The mere "scintilla of evidence" within the record that militates against the overwhelming weight of contradictory corroboration does not create a genuine issue of fact. Bible Believers v. Wayne Cty., Mich., 805 F.3d 228, 242 (6th Cir. 2015) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

### 2. Defendant must turnover property

"To prevail in a turnover action under § 542, the party seeking turnover must establish (1) that the property is or was in the possession, custody or control of an entity during the pendency of the case, (2) that the property may be used by the trustee in accordance with § 363 or exempted by the debtor under § 522; and (3) that the property has more than inconsequential value or benefit to the estate." In re Bailey, 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008).

All turnover elements have been established by the Trustee. Defendant is still in possession of property at issue. Further, Debtor's interest in the property is $25,000 plus interest at 8% since 1991. This amount is $216,677.16- not inconsequential. Finally, whether Defendant turns over stock or money, the Trustee may sell this property under § 363 for the benefit of Debtor's creditors. The law and facts are clear—turnover is required and summary judgment must be granted to the Trustee.

### 3. Defendant does not have any valid affirmative defenses

Defendant has filed a motion seeking leave to amend his Answer to include the affirmative defenses of dormancy and assert a statute of limitations. He asserts that the divorce decree became dormant under R.C. 2325.15 et. seq. and that this action is barred by the statute of limitations relating to contracts—R.C. § 2305.06. Defendant also asserts a defense of waiver and laches in his original answer. None of these defenses are applicable to a property division pursuant to a decree of divorce.

Initially, the Trustee does not bear the burden on summary judgment to disprove all alleged affirmative defenses. The Trustee must prove her case. If Defendant wishes to claim an affirmative defense is applicable, he is required to submit proof. Fonseca v. Consol. Rail Corp., 246 F.3d 585, 590 (6th Cir. 2001). If Defendant presents such evidence, the burden shifts back to the Trustee to show why the defense does not apply. Campbell v. Grand Trunk W. R. Co., 238 F.3d 772, 775 (6th Cir. 2001).

However, since Defendant appears to desire to pursue these affirmative defenses, the Trustee will, although not required, address them at this time. The key flaw in Defendant's statute of limitations and dormancy defenses stems from his misunderstanding of the divorce decree. The $25,000 lien is not a contract—it is a court ordered division of property pursuant to a divorce. An interest in the shares of stock was transferred to Debtor by the decree. No action on her part was required to accept or keep the property. It was, and is, hers. Zimmie v. Zimmie, 11 Ohio St. 3d 94, 97 (1984)("The division of marital property element of permanent alimony differs from purely sustenance alimony in that it is a division of the assets of a marriage rather than an allowance for support. Once the division of property is fixed by the court, both spouses are legally entitled to the share respectively allotted to them.")

The case of In re Estate of Dinsio, 159 Ohio App. 3d 98 (2004) illustrates this point. Dinsio involved real property transferred by a probate court in 1999 to heirs of the owner. Id. at 100. Three and a half years after the probate-ordered transfer, an action was commenced to set aside the transfer based upon the fact that a divorce decree transferred the real property from decedent to his spouse in 1977. Id. at 101. Nothing was ever filed with the County Recorder evidencing this transfer. Id. The appellate court upheld a ruling that the property belonged to the former spouse, addressing both a laches and dormancy argument. Regarding dormancy, the court held that Ohio's dormancy statute, R.C. § 2329.07, does not apply to judgments concerning ownership rights. Rather, this statute applies to liens against property for monetary judgments. Id. at 107. Regarding laches, the court ruled that the spouse did not unreasonably delay in asserting a claim because she owned the property at issue since the entry of the divorce decree. Id. at 102- 103. No further action was required on her part to assert ownership, including filing with the county recorder since title, under Ohio law, may pass without such recordation. Id. at 103. In other words, because the court order was a division of property, the spouse received ownership of the property, which she held upon entry of the decree. Thus, there could be no laches because her interest in the property was fully vested—nothing further was required on her part to retain her ownership. See also Peeke v. Fitzpatrick, 74 Ohio St. 396 (1906)(lien set forth in divorce decree not subject to dormancy or statute of limitations).

Debtor was awarded a lien on stock in Defendant's company valued at $25,000.00 plus interest in the divorce decree. Because this was a property settlement, Debtor had, and still retains, this property. She has not sat on her rights—all of her rights were set by the decree and remain in place. Some confusion may arise because the domestic relation court used language which is typically found in a monetary judgment award—a lien and an amount with interest

accruing. However, the particular language used to describe the property being transferred to Debtor does not control. The nature of the proceeding and the property transferred to Debtor by that proceeding is all that matters.

Debtor owns an interest in stock of Mirza N. Ahmad, M.D., Inc. There is no statute of limitations on possession of property. See Karras v. Karras, 94 N.E.3d 1036, 1045 (Ohio Ct. App. 2017)("[T]here is generally no statute of limitations on the enforcement of a court's judgment (the divorce decree), and we reject [wife's] characterization of the divorce decree or the deeds as 'contracts' for purposes of any statute of limitations."); Holloway v. Holloway, 130 Ohio St. 214, 216 (1935)(" A decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such.") This property was transferred to her by the decree, is being held by Defendant, and the Trustee is entitled to turnover of it.

**C.    Conclusion**

For the foregoing reasons, the Trustee's Motion for Summary Judgment must be granted.

GIBSON & MORAN LLC

/s/ Michael J. Moran
Michael J. Moran          (#0018869)
Attorney for Plaintiff
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 – Fax
mike@gibsonmoran.com