**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 09:45 AM October 24, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| AMY E. AHMAD, | ) | CASE NO. 18-61017 |
| | ) | |
| Debtor. | ) | ADV. NO. 19-6015 |
| _____ | ) | |
| LISA M. BARBACCI, TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| MIRZA N. AHMAD, | ) | **(NOT FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |

Defendant's motion for leave to file an amended answer is before the court. Defendant seeks to add two affirmative defenses, the first concerns dormant judgments and the second is a statute of limitations defense. Plaintiff-trustee opposes the motion, primarily arguing that the amendment is futile because Defendant cannot avail himself of either defense.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a

1

statutorily core proceeding under 28 U.S.C. § 157(b)(2)(E) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

In 1991, Debtor and Defendant divorced. As part of the settlement, Debtor was

> granted a lien in the amount of Twenty-five Thousand Dollars ($25,000.00) against the Mirza N. Ahmad, M.D., Inc. stock which will be payable with interest at the rate of eight percent (8%) per annum, compounded annually on the earliest of one of the following conditions:
>   (a) The dissolution of said corporation;
>   (b) The death of the plaintiff-husband;
>   (c) The expiration of the plaintiff-husband's obligation to
>      pay either alimony or support.

(M. Def. Leave to File Am. Ans., Exh. B, ECF No 17-2) Although the third condition triggered Defendant's obligation to pay in 1991, he has not paid anything to Debtor. When Debtor filed bankruptcy, she listed her interest in the stock in her petition. Plaintiff-trustee now seeks turnover of the value of Debtor's interest in the stock as property of the bankruptcy estate.

## DISCUSSION

Defendant moves to amend his answer under Bankruptcy Rule 7015, the bankruptcy component of Federal Civil Rule 15. Because of the applicable time frames set forth in the rule, Defendant either needs the written consent of Plaintiff to file the amendment, which has not been given, or the court's leave. The court "should freely give leave when justice so requires." Fed.R.Civ.Pro. 15(a)(2). Justice does not require granting leave in situations involving 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of amendment.' Oldnar Corp. v. Panasonic Corp. of N. America, 766 Fed.Appx. 255, 269 (6th Cir. 2019) (quoting Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005) (citation omitted)).

Plaintiff only contests Defendant's motion on grounds of futility. Futility is defined as the inability to survive a 12(b)(6) motion to dismiss. Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 383 (6th Cir. 1993). While 12(b)(6) motions typically involve review of claims, the "same basic standard applies" to affirmative defenses. Am. Book Co. v. Consolidated Grp. of Companies, Inc., 2011 WL 11969, *1 (E.D. Tenn. 2011) (citing Gore v. El Paso Energy Corp. Long Term Disability Plan, 2008 WL 2611258, at *6 (M.D. Tenn. Feb. 8, 2008)). This requires the court to accept well-pled allegations as true and construe them in the light most favorable to

2

the non-movant.  Am. Book Co., 2011 WL 11969, *1 (citation omitted).

Relying on O.R.C. § 2325.15 *et seq.*, Defendant seeks to add dormancy and failure to timely revive a dormant judgment as an affirmative defense.  He also seeks to add a statute of limitations defense under O.R.C. § 2305.06.  The question for this court is whether the allegations of the complaint support application of defenses of this nature.  The question is not whether the defenses are legally viable.  Whether an affirmative defense is sustainable is better resolved on a motion for summary judgment or similar.  Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) (preferring trial on the merits over technical pleading determinations) (citation omitted).

The complaint allegations reference a court-issued divorce decree dated January 5, 1981.  The allegations also reference October 25, 1991 as the triggering condition for Defendant's payment obligation and the date that interest began to accumulate on his obligation.  Both dates occurred more than twenty-five years ago.  Considering the statutory provisions cited by Defendant reference much shorter time frames for judgments and contracts, specifically eight and ten years, the defenses are not facially implausible.  Consequently, the court finds Plaintiff's futility argument is not well-taken.

In spite of finding futility inapplicable, the court will also consider whether amendment would not be unduly prejudicial to Plaintiff.  Some courts find post-discovery amendments prejudicial.  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (citations omitted).  On the facts of this case, the court cannot agree.  The affirmative defenses Defendant seeks to add are unlikely to require additional discovery.  Defendant's motion was made 4 days after discovery concluded and before expiration of the dispositive motion deadline.  This proceeding is not unreasonably aged, as the complaint was filed in May 2019.  Although the court could ruminate as to why these particular defenses were not more readily apparent earlier, there is no indication the delay is detrimental.  Plaintiff has notice of the defenses and there is no suggestion of bad faith.  Amendment at this stage is not the result of Defendant's failure to cure previous pleading deficiencies.  In total, any prejudice is minimal.  Consequently, the court will allow the amendment.

An order will be issued with this opinion.

# # #

**Service List:**

Michael J. Moran
Gibson & Moran
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

James M. McHugh
Tzangas Plakas Mannos Ltd
220 Market Avenue, South
Eighth Floor
Canton, OH 44702